UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PATRICIA GARRIGA                                                                                       PLAINTIFF

v.                                                                              Case No.: __1:23cv330HSO-BWR__

EVANSTON INSURANCE COMPANY
AND CANOPIUS US INSURANCE, INC.                                                              DEFENDANT

## DEFENDANT CANOPIUS' NOTICE OF REMOVAL

Defendant, Canopius US Insurance, Inc., ("Defendant" or "Canopius"), by and through undersigned counsel, hereby files this Notice of Removal and removes this action from the Circuit Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, the district and division which includes Harrison County, the county in which the state court action is now pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§1332, 1441 and 1446. In support hereof Defendant respectfully shows this Court:

## Civil Action Removed

1.      On October 11, 2023, Patricia Garriga ("Plaintiff") commenced an action against Defendants Evanston Insurance Company ("Evanston") and Canopius, in the Circuit Court of Harrison County, Mississippi, bearing Docket No. A2401-23-387, entitled *Patricia Garriga vs. Evanston Insurance Company and Canopius US Insurance , Inc.,* (the "State Court Case"). *See* Plaintiff's Complaint attached hereto as Exhibit A.

2.      The lawsuit seeks relief from Defendants, as alleged insurers of Plaintiff, for alleged property damages due to Hurricane Zeta and Hurricane Ida. *See generally* Exhibit A, at p.4, ¶ 13 (Plaintiff's Complaint).

3.      Plaintiff alleges that on or about October 28, 2020, Hurricane Zeta caused damages to her property. *See* Exhibit A, at p.3, ¶ 7 (Plaintiff's Complaint).

4. The Complaint alleges Plaintiff reported the loss caused by Hurricane Zeta to Defendant Evanston and that Evanston inspected the property in January 2021. *See* Exhibit A, at p.3, ¶¶ 9-10 (Plaintiff's Complaint).

5. The Complaint further alleges that after deducting for depreciation and the Evanston policy deductible, Plaintiff was "allowed," by Evanston, $29,146.01 for the Dwelling, $36,000.00 for Other Structures/Dwelling Extension and $228.59 for personal property. *See* Exhibit A, at p.3, ¶ 10 (Plaintiff's Complaint).

6. The Complaint contends that while waiting to receive payments from Evanston and prior to making repairs to damages caused by Hurricane Zeta, Hurricane Ida made landfall, compounding the existing damages to Plaintiff's property. *See* Exhibit A, at pp.3 and 4, ¶ 11-12 (Plaintiff's Complaint).

7. The Complaint further contends that Plaintiff reported the loss due to Hurricane Ida to Canopius and Canopius dissuaded Plaintiff from filing a claim. *See* Exhibit A, at p.4, ¶ 14 (Plaintiff's Complaint).

8. The Plaintiff's Complaint states that she retained Scope Pros, LLC to inspect her property on or about February 4, 2022, and that company "documented" $146,610.86 in damages to Plaintiff's Dwelling. *See* Exhibit A, at p.5, ¶ 17 (Plaintiff's Complaint).

9. The Complaint alleges that Defendants are in violation of their various contractual obligations to Plaintiff, including, Defendants failing to timely or adequately pay claims after receipt of satisfactory proofs of loss in bad faith. *See generally* Exhibit A, at pp.7 and 8, ¶ 34 (Plaintiff's Complaint).

10. As a result of Defendants' alleged breaches of their respective contracts with Plaintiff and bad faith, Plaintiff alleges she sustained the following damages: diminution of the value of the property; actual repair costs; reimbursement for personal repairs at the property; actual

costs related to personal property manipulation, cleaning, repair, and/or replacement; additional living expenses; mental anguish; and attorney's fees, other professional fees, and litigation costs associated with the bringing of her action. Exhibit A, at p.9, ¶ 45 (Plaintiff's Complaint).

11. According to her Complaint, Plaintiff is "an adult resident of the County of Harrison in the State of Mississippi". Exhibit A, at p.1, ¶ 2 (Plaintiff's Complaint).

12. Defendants are alleged to be foreign insurers authorized to do and doing business in the State of Mississippi. Exhibit A, at pp.1 and 2, ¶ 3 (Plaintiff's Complaint). In particular, the Complaint asserts the following:

a. Defendant Evanston Insurance Company is an insurer domiciled in the State of Illinois who is authorized to do and is doing business in the State of Mississippi and the County of Harrison, which may be served through its Registered Agent for Service of process at 4521 Highwoods Parkway, Glen Allen, Virginia 23060-6148. Exhibit A, at p.1, ¶ 3 (Plaintiff's Complaint). Defendant Evanston is a corporation organized and existing under the laws of the State of Illinois. Further, Evanston's principal place of business is also in Illinois.

b. Defendant Canopius US Insurance, Inc., is an insurer domiciled in the State of Illinois who is authorized to do and is doing business in the State of Mississippi and the County of Harrison, which may be served through its Registered Agent for Service of Process, CT Coproraiton System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604. Exhibit A, at p.2, ¶ 3 (Plaintiff's Complaint). However, Canopius is actually incorporated in Delaware with its principal place of business in New York.

**Timeliness of Removal**

13. On October 27, 2023, Plaintiff personally delivered the Summons and Complaint on The Corporation Company, Canopius' registered agent in Illinois. As such, removal is timely because thirty (30) days have not elapsed since Canopius received the Summons and Plaintiff's

Complaint, as required by 28 U.S.C. §1446(b). *See* Summons attached hereto as Exhibit B. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served upon Defendant is attached hereto as Exhibit C.

### Notice to State Court

14. Concurrent with the filing of this Notice, Defendant will also file in the State Court Case, a true and correct copy of this Notice, thereby effecting removal of this action to this Court. As per 28 U.S.C.A. § 1446(d), no further proceedings shall be had in the State Court Case. . Pursuant to 28 U.S.C. § 1446 and the Local Rules of Court, a true and correct copy of the certified record of the state-court proceedings will be timely filed as a separate item.

15. Plaintiff has requested a trial by jury in the State Court case.

16. Defendant has filed contemporaneously with this Notice a civil cover sheet.

### Notice to Plaintiff

17. Consistent with 28 U.S.C. § 1446(d) and as indicated in the attached Certificate of Service, Plaintiff is being provided with a copy of this Notice of Removal.

### Basis for Removal: Diversity

18. This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332, in that this is a civil action where the matter in controversy exceeds $75,000.00 and is between citizens of different States.

    **A. The amount in controversy exceeds the federal minimum jurisdictional requirements**

19. Plaintiff has alleged damages that, if true, which Defendant denies, place an amount in controversy which well exceeds the sum or value of $75,000.00, exclusive of interests and costs. She alleges that Hurricane Zeta and Hurricane Ida caused "significant damage" to her property. *See* Exhibit A, at p.3, ¶ 8 (Plaintiff's Complaint).

20. Plaintiff's Complaint further alleges that Defendants breached their contractual obligations by failing to issue full payment for her alleged losses. *See* Exhibit A, at p.5, ¶ 20 (Plaintiff's Complaint).

21. Additionally, Plaintiff contends that the amounts paid by the Defendants were not adequate enough to compensate for her losses. *See* Exhibit A, at p.6, ¶ 27 (Plaintiff's Complaint).

22. Specifically, Plaintiff alleges in her Complaint that her documented damages to the property total $146,610.86. *See* Exhibit A, at p.5, ¶ 17 (Plaintiff's Complaint). In addition to the alleged cost to repair or replace the damage to Plaintiff's real property, Plaintiff claims that she is entitled to recover for Defendants' purported bad faith, including "bad faith penalties." *See id.* at pp. 8 and 9, § 38. Plaintiff's Complaint includes claims for, *inter alia,* diminution of the value of Plaintiff's property, costs to move or manipulate personal property, cleaning costs, additional living expenses, and mental anguish. *See id.* at p.10, § 45. It also appears Plaintiff is claiming that she is entitled to recover the costs to remove downed trees from her property. See Id. at p.3, ¶ 8.

23. Accordingly, while Defendant disputes that any additional monies are due and owing to Plaintiff in accordance with the terms, conditions, and exclusions of Defendant Canopius' policy, the current amount in dispute exceeds $75,000.00, exclusive of attorney's fees, interest, and costs.

### B. There is complete diversity between Plaintiff and Defendants

24. Under the diversity statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. §1332(c)(1).

25. According to the Complaint, Plaintiff is a citizen of Harrison County, Mississippi. Exhibit A, at p.1, ¶ 2 (Plaintiff's Complaint).

26. In the Complaint, Evanston is alleged to be a foreign insurer domiciled in Illinois. Exhibit A, at p.1, ¶ 3 (Plaintiff's Complaint). Evanston is an Illinois corporation with its principal place of business also in Illinoius..

27. While Canopius is alleged to be a foreign insurer domiciled in Illinois. (*see* Exhibit A, at p.2, ¶ 3 (Plaintiff's Complaint)), it is actually a Delaware corporation with its principal place of business in New York. Regardless, it remains diverse from Plaintiff.

28. Complete diversity exists in this case and removal is proper because Plaintiff is a citizen of Mississippi, Evanston is a citizen of Illinois, and Canopius is a citizen of Delaware and New York.

WHEREFORE, Defendant prays that the above-described action now pending in the Circuit Court of Harrison County, Mississippi, be removed to this Court.

Respectfully submitted,

BY: */s/ M. Garner Berry*
      OF COUNSEL

OF COUNSEL:
M.Garner Berry, Esq. (MSB #100968)
Sarah C. McMillin, Esq. (MSB #100310)
Chartwell Law
200 W. Jackson Street, Suite 200
Ridgeland, Mississippi 39157
Office: (601) 277-6880
Facsimile: (610) 666-7704
*Counsel for Defendant Canopius Insurance*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing *Notice of Removal* is being served upon counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure, on this 22nd day of November, 2023.

    Jason C. Webester, Esq.
    The Webster Law Firm
    6200 Savoy Drive, Suite 150
    Houston, Texas 77036
    *Attorney for Plaintiff*

    Doug Morgan, Esq.
    Scott Murray, Esq.
    Carroll, Warren & Parker
    Post Office Box 1005
    Jackson, Mississippi 39215
    *Counsel for Defendant Evanston Insurance Company*

                                      */s/ M. Garner Berry*
                                      M. Garner Berry, Esq.